IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>RIGOBERTO MENDOZA GUESAR,<br><br>    Defendant/Movant. | CR 07-01135 PHX NVW<br>CIV 09-00312 PHX NVW (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE NEIL V. WAKE:**

Mr. Rigoberto Mendoza Guesar ("Movant") filed a motion to correct, vacate, or set aside his criminal convictions and sentences, pursuant to 28 U.S.C. § 2255, on February 13, 2009. Respondent filed a response opposing the motion ("Response") (Docket No. 9) on May 14, 2009. The time allowed for filing a reply or traverse to the response expired on or about June 14, 2009.

**I. Procedural History**

A criminal complaint filed October 12, 2007, charged Movant and four co-defendants with one count of conspiracy to cultivate marijuana and one count of cultivation of more than 1000 marijuana plants. The complaint also charged three of the co-defendants, but not Movant, with one count of possession of a firearm during and in furtherance of a drug crime.

On May 28, 2008, Movant entered into a written plea agreement which provided he would plead guilty to one count of conspiracy to cultivate more than 1000 marijuana plants on federal lands. See Response, Exh. A. The plea agreement provided that, in return for Movant's guilty plea, the government would recommend a sentence at the lower end of the guidelines range, assuming Movant was determined to be "safety valve eligible." Id., Exh. A. Movant acknowledged in the plea agreement that two weapons were found at the location of the marijuana cultivation. Id., Exh. A.

In the plea agreement Movant waived any right to appeal or collaterally attack his conviction and sentence if the sentence was in accordance with the plea agreement. Id., Exh. A at 4. The signed plea agreement states the agreement was read to Movant in Spanish and that Movant had discussed the plea agreement and its terms with his counsel. Id., Exh. A.

Movant entered his guilty plea on May 28, 2008. See Criminal Docket No. 76. An interpreter was present at the hearing conducted by the Court regarding Movant's guilty plea and the plea agreement. See Response, Exh. D.

At the plea hearing Movant's counsel averred to the Court that he had spent more time than usual with Movant because of Movant's limited education, but that he was certain Movant understood the plea agreement. Id., Exh. D. Counsel further averred to the Court that counsel was "fluent" in Spanish, but that he had also used an interpreter when speaking with Movant. Id., Exh. D at 5. Movant indicated he was satisfied with his counsel's representation. Id., Exh. D at 5-6.

At the plea hearing Movant allowed twice that someone had read the plea agreement, in Spanish, to Movant, and that he understood the plea agreement. Movant stated that no threats or force were used to induce him to enter into the plea agreement and that he understood he did not have to sign the plea agreement. Id., Exh. D at 7-8. Movant stated he understood he was giving up his right to appeal and to collaterally attack his conviction and sentence. Id., Exh. D at 10.

Additionally, at the hearing Movant's counsel indicated that he had discussed the defense of duress with his client. Counsel stated he believed the defense would not support acquittal, because Movant "was never actually threatened by anyone." Id., Exh. D at 23-24. Counsel averred to the Court that there was an "imperfect duress" defense which he believed weighed in favor of a downward departure from the relevant guidelines range regarding Movant's sentence. Both defense counsel and Movant acknowledged that Movant's teen-aged son was also working in the marijuana patch at the time Movant was apprehended.

At the plea hearing, the Court advised Movant that the minimum sentence for the crime of conspiracy to cultivate marijuana was ten years imprisonment, and that the maximum penalty for this crime was life in prison. Id., Exh. D at 11. At the plea hearing the Court and counsel for Movant and the government discussed whether the plea agreement allowed for Movant's guideline sentencing range to be adjusted pursuant to the "safety valve" provisions. Id., Exh. D at 13-14.

The relevant sentencing guidelines range was determined to be 57 to 71 months imprisonment, based on an offense level of 25 and a criminal history category of 1 and Movant's entitlement to the "safety valve" provisions of the guidelines. Id., Exh. B. At the sentencing hearing Movant's counsel argued that Movant had a minimal role in the conspiracy, i.e., that Movant was hired by others to "take care of" the marijuana plants. Id., Exh. F at 6-7. At the sentencing hearing the Court concluded that there was no evidence that Movant's role in the conspiracy was the result of any duress. Id., Exh. F at 8. On September 2, 2008, Movant was sentenced to 57 months imprisonment. See Criminal Docket No. 101 & Response, Exh. F.

In his *pro se* section 2255 action Movant contends a confession was coerced and that he did not receive the effective assistance of counsel.[1] See Civil Docket No. 1. Movant alleges his counsel did not spend sufficient time with Movant to prepare an adequate defense. Movant further asserts his counsel's performance was ineffective because a Spanish-language translator was present at only one of an alleged six meetings between Movant and his counsel. Movant also contends his counsel did not submit evidence Movant believed should have been submitted and that his counsel gave conflicting opinions as to the sentence faced by Movant. Movant also asserts his confession was not voluntary because he was threatened into confessing by a co-defendant during a time when they were

---

[1] Movant was evidently interviewed several times by the FBI prior to his trial. On one occasion Movant told the FBI he had crossed the border in order to work in a marijuana cultivation enterprise, tending the plants.

-4-

incarcerated at the same federal facility. Movant also alleges in his section 2255 petition that he was in the United States at the marijuana farm under false pretenses.

**II. Discussion**

**A. Respondent contends the section 2255 motion must be denied because Movant waived his right to collaterally attack his conviction and sentence.**

The plea agreement signed by Movant expressly waived his right to collaterally attack any matter pertaining to Movant's conviction and sentence if the sentence imposed was consistent with the written terms of the agreement. See Response, Exh. A. The sentence imposed on Movant was consistent with the terms of the plea agreement, i.e., the sentence was at the lower end of the guidelines sentencing range. Because the sentence imposed was in accordance with the plea agreement, the plea agreement is valid. Therefore, Movant is bound by the plea agreement's waiver of his right to collaterally attack his conviction and sentence.

Because Movant legitimately waived his right to bring this action challenging his sentence the section 2255 motion may be summarily denied. See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the defendant waived his right to directly appeal or collaterally attack his conviction and sentence in a plea agreement); United States v. Bolinger,

940 F.2d 478, 480-81 (9th Cir. 1991).

A plea agreement which waives the defendant's right to collaterally attack their sentence is not enforceable if the waiver was involuntary. See, e.g., Jeronimo, 398 F.3d at 1156 (concluding the court did not have jurisdiction to consider the appeal of a defendant who had waived this right in a plea agreement because the agreement was knowing and voluntary on its face, stating: "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made"); United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).

A collateral attack alleging ineffective assistance of counsel in negotiating a plea agreement may be brought notwithstanding a waiver of this right in the agreement, but only if the agreement was involuntary or unknowing, or if the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful. See United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001); Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000).

Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. Cf. United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991) (reaching this holding in a section 2255 case); United States v. Walker, 160 F.3d 1078, 1096 (6th Cir. 1998) (holding, in a section 2255 case, that "a straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to

[the] consequences [of a plea agreement]."). Because he was adequately informed of the consequences of his plea, Movant's guilty plea can be considered voluntary and knowing. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969). The undersigned concludes Movant's guilty plea was voluntary and made intelligently. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir. 1986).

Because Movant does not produce any evidence indicating he did not knowingly and voluntarily enter into the agreement, the undersigned concludes the plea agreement was valid, as was Movant's voluntary waiver of his right to collaterally attack his sentence. Accordingly, the section 2255 petition should be denied and dismissed. Compare United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) ("we doubt that a plea agreement could waive a claim of ineffective of assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.").

**B. Movant's ineffective assistance of counsel claims are without merit.**

Furthermore, to the extent that the Court might conclude Movant is not bound by his waiver of his right to this action, his ineffective assistance of counsel claims may be denied on the merits.

> To prevail on a claim of ineffective assistance of counsel, Movant must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting Strickland, 466 U.S. at

-7-

> 687, 104 S. Ct. at 2064). "Strickland defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" Id.

United States v. Span, 75 F.3d 1383, 1386-87 (9th Cir. 1996), citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

To establish that his counsel's conduct was unconstitutionally substandard, a section 2255 petitioner must establish that no competent counsel would have acted as his counsel acted, i.e., that his counsel's acts were unreasonable. United States v. Fredman, 390 F.3d 1153, 1156 (9th Cir. 2004); Johnson v. Alabama, 256 F.3d 1156, 1176-77 (11th Cir. 2001). Movant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance. See United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991). Counsel is not ineffective if counsel "fails" to raise a meritless argument. See, e.g., Wilson v. Henry, 185 F.3d 986, 991 (9th Cir. 1999); James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994); Morrison v. Estelle, 981 F.2d 425, 427-28 (9th Cir. 1992); Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982). Additionally, Movant bears the burden of providing sufficient evidence from which the Court can conclude his counsel was ineffective. See Turner v. Calderon, 281 F.3d 851, 878 (9th Cir. 2002).

Ineffective assistance of counsel claims in the context of cases wherein the defendant did not go to trial are also governed by the doctrine of Strickland. See, e.g., Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 369 (1985); Fields v.

Attorney General, 956 F.2d 1290, 1296-97 (4th Cir. 1992). When a defendant challenges a conviction or sentence resulting from a plea agreement the "prejudice" prong of the Strickland test is modified; the defendant must show there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty to the charges against him, but instead would have insisted on going to trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370. Accord Fields, 956 F.2d at 1297; Craker v. McCotter, 805 F.2d 538, 542 (5th Cir. 1986).

An affidavit attached to the Response indicates Movant's counsel met with Movant on at least ten occasions, on one occasion for over two hours. See Response, Exh. E. The affidavit indicates Spanish is Movant's counsel's first language, counsel having spent the first six years of his life in Uruguay with Spanish-speaking grandparents. Id., Exh. E.

This Court has reviewed the pleadings submitted by the parties, including the transcripts of the plea hearing and the plea agreement, and defense counsel's affidavit. Counsel's performance was not deficient and resulted in a plea agreement which was substantially advantageous to Movant. Although more than 7000 marijuana plants were actually located, Movant was charged with cultivation of 1000 plants. Additionally, although he acknowledged he was aware of the presence of the guns at the site, Movant was not charged with possession of a firearm in connection with a drug crime, a conviction on which would have resulted in a mandatory consecutive five-year term of imprisonment.

Movant has not established his counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys. Furthermore, there is no reasonable probability that, but for counsel's alleged errors, Movant would not have pled guilty but instead would have insisted on going to trial.

**III. Conclusion**

Movant waived his right to collaterally attack his conviction and sentence in the written plea agreement. Because Movant's sentence was in accordance with the plea agreement and because Movant provides no evidence that his plea was coerced by the government, unknowing or involuntary, Movant's waiver of his right to seek collateral relief should be affirmed and his section 2255 action dismissed. Additionally, Movant's claims of ineffective assistance of counsel are not meritorious.

**IT IS THEREFORE RECOMMENDED** that Mr. Guesar's Motion to Vacate, Set Aside, or Correct Sentence, be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file

specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 25th day of June, 2009.

_____
Mark E. Aspey
United States Magistrate Judge